

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MWM & SONS, INC. | : | Case No. 13-22061PM |
| | : | Chapter 11 |
| Debtor | : | |

## MEMORANDUM OF DECISION AND ORDER
### (Objection to Claim of TD Bank, N.A.)

Before the court is the Debtor's objection to the proof of claim filed on behalf of TD Bank, N.A. in the sum of $935,340.71 arising from a judgment by confession. The Debtor asserts that the component of attorney's fees in the amount of $100,246.46 contained in the judgment is overstated by $24,092.04 and would not allowable under Maryland law. TD Bank contends this matter is not reviewable by this court. Both are correct.

The Circuit Court for Prince George's County, Maryland, pursuant to Maryland Rule 2-611, directed the Clerk to enter judgment by confession against the Debtor and two individuals on February 6, 2012, in the amount set forth in the proof of claim together with attorney's fees as set forth above said to be 15% of the principal balance. None of the defendants filed a motion to open, vacate or modify the confessed judgment that was entered in due course. The Debtor urges that because of Maryland Rule 2-535(b) that grants a court revisory power or control over a judgment at any time in case of fraud, mistake or irregularity, that the confessed judgment is not final and not binding upon it. But, under Maryland law, a judgment by confession regularly entered became as binding as any other judgment. *Foland v. Hoffman*, 47 A.2d 62, 65 (Md. 1946); *Cardwell-Fisher Fixture Co., Inc. v. Commerce Trust Co.*, 141 A. 121, 122-23 ( Md.

1928). If the Debtor's argument was upheld, no Maryland judgment would ever be considered a final judgment as it would always be subject to the court's revisory power.

The court agrees with the Debtor's thesis that under Maryland law, a lender is only entitled to attorney's fees in connection with a confessed judgment for fees that are actually incurred and paid. *See, Weiner v. Swales*, 141 A.2d 749, 751 (Md. 1958). More recently, in the case of *SunTrust Bank v. Goldman*, 29 A.3d 724 (Md. App. 2011), a creditor sought an allowance of $60,206.00 in attorney's fees that was 15% of the principal loan balance where it had only incurred $3,258.30 in fees and expenses. Referring to *Webster v. People's Loan, Sav. & Deposit Bank of Cambridge*, 152 A. 815 (Md. 1931), a case also dealing with a judgment by confession, the court explained that attorney's fee provisions are in the nature of indemnity agreements. The court in *SunTrust Bank* pointed out:

> Thus, Maryland law limits the amount of contractual attorneys fees to actual fees incurred, regardless of whether the contract provides for a greater amount. The contract may provide that the amount of fees is determined by a percentage or some other method, but to comply with the indemnification requirement, the amount of fees paid pursuant to the agreement between the claimant and its attorneys must equal or exceed the amount provided for in the contract. In addition, as discussed below, the amount must be reasonable. Appellant relies on Webster as authority to support its argument that, if it is awarded a fee in the amount of 15% of principal, it can satisfy the indemnification requirement by later crediting appellees with the amount of fees not actually incurred. In Webster, the Court of Appeals stated the following:
>
>> If the plaintiff pays less for the services of his attorney than the amount stipulated, or allowed by the court where the amount is not specified in the instrument, then it is his duty to remit or credit the difference; if he pays more than the fees entered, then he is out the excess ... After an entry of satisfaction, the defendant may obtain relief by an accounting. 160 Md. at 63, 152 A. 815.

29 A.3d at 398-99. *See also, Federal Deposit Ins. Corp. v. Hadid*, 947 F.2d 1153, 1157-58 (CA4 1991)(D.C. law).

An unlitigated confessed judgment likewise fails the actually litigated requirement of collateral estoppel; so, the judgment has no preclusive effect. *United Book Press, Inc v. Maryland Composition Co., Inc.,* 786 A.2d 1, 11-12 (Md. App. 2001). Thus, allowing TD Bank the phantom fee of $24,092.04 would be a windfall condemned by *Webster* and other Maryland cases.

This conclusion does not end the discussion.  Under the *Rooker-Feldman* doctrine,[1] this court, as with all other lower federal courts, lacks subject matter jurisdiction to review state-court decisions.  *Senftle v. Landau*, 390 F.Supp. 2d 463, 468 (D.Md. 2005).  The District Court noted that this doctrine applies to default judgments as well.  The failure to respond to a complaint seeking a default judgment is a default.  As the *Senftle* court stated:

> Though the Circuit Court for Montgomery County entered default judgment against Senftle, *Rooker–Feldman* also bars a federal plaintiff from overturning or altering a state court default judgment. *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035–37 (8th Cir.1999) (concluding that *Rooker-Feldman* deprives district court jurisdiction to grant injunctive relief to recalculate award of deficiency damages because it would amend state court default judgment); *Nelson v. Uran*, 1999 WL 170166, 175 F.3d 1015 (4th Cir.1999) (holding that *Rooker-Feldman* bars federal adjudication where federal plaintiff seeks to contest a state court's ruling on personal jurisdiction and subsequent default judgment); *Smith v. Weinberger, P.C.*, 994 F.Supp. 418, 424 (E.D.N.Y.1998) (concluding that *Rooker-Feldman* applies where plaintiff alleges that state court default judgment was procured by fraud); *Resler v. Messerli & Kramer, P.A.*, 2003 WL 193498, * 3 (D.Minn.2003) (holding that *Rooker-Feldman* bars federal plaintiff's FDCPA fraud claim, where fraud on court finding would nullify state court default judgment).

390 F.Supp.2d at 468, n.6.  *See also, In re Keeler*, 273 B.R. 416 (D. Md. 2002); *In re Thomas,* 2006 WL 5217796 (B.C. Md. 2006).  This court lacks jurisdiction to overturn the state court judgment.  As has been often repeated, *Rooker-Feldman* prevents federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).   This claim objection is precisely such a case.  The only venue for the Debtor to urge under Maryland Rule 2-535(b) his meritorious argument that TD Bank is recovering $24,092.04 to which it is not entitled was in state court.  It did not do so.

The Debtor's objection to the proof of claim filed by TD Bank is overruled for lack of jurisdiction.

IT IS SO ORDERED.

---

[1]  *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

cc: Debtor
Debtor's Counsel
Respondent
Respondent's Counsel
United States Trustee

**End of Memorandum and Order**